IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ECLIPSE AESTHETICS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:16-cv-1448-M |
| REGENLAB USA, LLC, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's Motion to Remand [Docket Entry #15], and Defendants' Motion to Consolidate [Docket Entry #11]. For the reasons set forth below, Plaintiff's Motion to Remand is **denied**, and Defendants' Motion to Consolidate is **granted**.

## I.   BACKGROUND

Plaintiff Eclipse Aesthetics LLC is a Texas limited liability company with its principal place of business in Dallas, Texas. Plaintiff is a privately-held distributor of aesthetic equipment and cosmetic supplies for use by physicians. Defendant RegenLab USA, LLC ("RegenLab USA") is a Delaware limited liability company with its principal place of business in New York, and is Plaintiff's direct competitor in the medical device business. Defendant RegenLab SA ("RegenLab SA") is a Swiss company with a regional office in New York. Defendant Antoine Turzi, the Chief Executive Officer of RegenLab SA, is a resident and citizen of Switzerland, and has been served with process under the Hague Convention.[1] *See* Def.'s Notice of Removal Ex. I-

---

[1] Plaintiff also added Defendants Edward von Hornstein and Guy Fortier as Defendants to this lawsuit, neither of whom is a resident of citizen of Texas. The docket sheet reflects that neither has been served with process in this action.

1

54 (Pl.'s Sec. Am. Pet.); *id.* at Ex. B (Consent of Antoine Turzi to Removal to Federal Court).

In early 2013, RegenLab SA formed RegenLab USA to compete directly with Plaintiff, its former distributor, in the United States. On July 1, 2014, Plaintiff filed its original petition against RegenLab USA, alleging it knowingly disseminated false information regarding Plaintiff's products to consumers and to the Food and Drug Administration, and asserting causes of action for tortious interference with business relationships, business disparagement, abuse of process, malicious prosecution, and conspiracy. RegenLab USA filed its general denial in state court on August 22, 2014. On December 3, 2014, Plaintiff filed its First Amended Original Petition adding Defendant Antoine Turzi as a defendant to the lawsuit. Defendant Turzi filed an original answer (subject to his special appearance) in state court on April 16, 2015. On February 2, 2015, RegenLab USA filed a motion to dismiss Plaintiff's claims, which was denied pursuant to an order issued on March 26, 2015.

On January 1, 2016, Plaintiff filed its Second Amended Original Petition (the "Complaint") adding Defendant RegenLab SA, along with Defendants von Hornstein and Fortier as defendants to the lawsuit. RegenLab SA was served with the Complaint on May 19, 2016. On May 27, 2016, Defendant Regenlab SA removed this action to federal court. Following removal, the case was randomly assigned to United States District Judge David C. Godbey, and ultimately reassigned to this Court based on the pendency of a lawsuit involving some of the same parties. *See Eclipse Aesthetics, LLC v. RegenLab USA, LLC, et al.,* Case No. 3:15-cv-03748-M (N.D. Tex.).

Plaintiff now moves to remand this action, contending that (1) RegenLab SA removed this matter more than twenty-three months after it was commenced in state court, in violation of

the one-year bar in 28 U.S.C. § 1446(c)(1), and (2) RegenLab USA's consent to removal by RegenLab SA is a nullity because it waived its right to consent by litigating this case in state court. Defendants, in addition to opposing remand, have filed a motion to consolidate this action with Case No. 3:15-cv-03748-M. The Court first addresses Plaintiff's Motion to Remand.

## II.     MOTION TO REMAND

### A.     Legal Standard

A removable claim is one over which federal courts have original jurisdiction. 28 U.S.C. § 1441(a). Among such claims are "diversity cases," in which jurisdiction is conferred by 28 U.S.C. § 1332. Under Section 1332, federal courts have jurisdiction over civil actions between citizens of different states where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. Section 1332 requires complete diversity of citizenship, which means that each plaintiff must have a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Because "'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns.'" *Gasch v. Hartford Accident & Indemnity Co.,* 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 365–66 (5th Cir. 1995) (citations omitted)). Therefore, the removal statute must be strictly construed, and "any doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 281–82 (citing *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000)).

### B.     Analysis

Here, there is no question that complete diversity exists between Plaintiff and each

Defendant. Further, it is apparent from the pleadings that the amount in controversy exceeds $75,000, which the parties do not dispute. Thus, the sole question before the Court is whether, as Plaintiff argues, Defendant RegenLab SA has complied with the procedural requirements related to removal. Plaintiff contends remand is required because (1) RegenLab SA improperly removed this matter in violation of the one-year bar in 28 U.S.C. § 1446(c)(1), and (2) Defendant RegenLab USA has waived its right to consent to removal, and therefore, the required "unanimity of consent" cannot be met. The Court considers these arguments in turn.

        *1.     Timeliness of Removal*

Plaintiff contends that remand is required because RegenLab SA removed this matter more than twenty-three months after it was commenced in state court, in violation of the one-year bar in 28 U.S.C. § 1446(c)(1). In response, Defendants argue that "[p]ursuant to the plain language of the amended removal statute, section (c)'s one-year time limit does not apply to cases that were initially removable and later removed under subsection (b)(2) by a newly named and newly served defendant." Defs.' Resp. 7 (citing 28 U.S.C. § 1446(c)) [Docket Entry #17]. The Court agrees.

The procedure for removing a case to federal district court is governed by 28 U.S.C. § 1446. In December 2011, Section 1446 was amended as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Clarification Act"). Pub. L. No. 112–63, § 103(b), 125 Stat. 758, 760–61 (Dec. 7, 2011). Section 1446(b) provides, in pertinent part:

> (3) Except as provided in subsection(c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is

one which is or has become removable.

28 U.S.C. § 1446(b). Thus, if the initial pleading sets forth a claim that triggers the removal clock, the defendant must file notice of removal within thirty days of receiving it. *See* § 1446(b)(1). If the initial pleading does not trigger removal, however, "a notice of removal must be filed within thirty days of the defendant's receipt of a document from which it may ascertain that the case is, or has become, removable." *See* § 1446(b)(3). Nevertheless, § 1446(b)(3) expressly provides a limitation on removal of certain cases, as specified in subsection (c), which provides:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(c)(1). Based on the plain language of the statute, it is clear that the one-year bar has no application to cases that were initially removable, like the case before this Court. *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998) (holding one-year limitation for removal of diversity cases under removal statute applies only to those state court cases that are not initially removable); *see also Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000) (holding that where a case is "removable upon its initial pleading, the [defendants'] ultimate removal of [a] case is not governed by the second paragraph of § 1446(b) or its one-year limitation."). Further, Plaintiff fails to cite any Fifth Circuit authority applying the one-year limit to an initially removable case. Accordingly, the Court denies Plaintiff's Motion to Remand on this ground.

      2.    *Waiver*

Plaintiff also argues that RegenLab USA's consent to removal by RegenLab SA is a

5

nullity, because RegenLab USA waived its right to consent by litigating this case in state court, and that remand is therefore required. The Court rejects this argument.

The amended version of Section 1446 requires, in part, that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). In cases with multiple defendants, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." *Id.* § 1446(b)(2)(c). Prior to the Clarification Act, the Fifth Circuit followed the first-served defendant rule. *See Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986) ("If the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove . . . due to the rule of unanimity among defendants which is required for removal."); *Getty Oil*, 841 F.2d at 1262-63 ("In cases involving multiple defendants the thirty-day period begins to run as soon as the first defendant is served (provided that the case is then removable.")).

Since the enactment of the Clarification Act, the Fifth Circuit has not addressed a situation like that presented here, where a newly-added defendant, who was served with an amended complaint after almost two years of litigation, files a notice of removal. The later-served defendant in a case initially removable has a statutory right of removal. *See* 28 U.S.C. § 1446(b)(2)(B). Also, in multi-defendant cases, where a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that defendant did not previously initiate, or consent to, removal. *Id.* at § 1446(b)(2)(c). The plain language of

6

the statute thus supports RegenLab USA's ability to consent to removal, as it provides that "any earlier-served defendant may consent . . ." *Id.*

At the same time, it is clear that a defendant may waive the right to remove, based on actions it takes prior to removal. It is less than clear, however, that such litigation conduct waives the ability to consent to removal. Based on the plain language of Section 1446, and the analysis of the few courts that have directly addressed this issue, the Court concludes that an earlier-served defendant's litigation conduct does not constitute a waiver of its right to consent to the notice of removal filed by a later-served defendant. As succinctly stated by one district court confronted with a similar situation to the one confronting this Court:

> [T]he last-served defendant rule weighs in favor of not applying the doctrine of waiver to this situation. The last-served defendant rule explicitly provides that an earlier-served defendant may consent to removal initiated by a later-served defendant even though that earlier-served defendant did not previously initiate or consent to the removal. *See* 28 U.S.C. § 1446(b)(2)(C). The statute makes no distinction between whether an earlier-served defendant's failure to remove was inadvertent or deliberate, and does not consider the earlier-served defendant's reason for not removing. The rule acknowledges that "[f]airness to later-served defendants...necessitates that they be given their own opportunity to remove, even if the earlier-served defendants chose not to remove initially." H.R. Rep. 112-10, 14, 2011 U.S.C.C.A.N. 576, 580. The rule was intended to provide for "equal treatment of all defendants in their ability to obtain Federal jurisdiction over the case against them." *Id.* Application of the waiver doctrine to an earlier-served defendant prevents all defendants from unanimously consenting to removal, which in turn, defeats the purpose of the last-served defendant rule.

*Act II Jewelry, LLC v. Wooten*, 2015 WL 7889039, at *3 (N.D. Ill. Dec. 4, 2015); *see also Bisso Marine Co., Inc. v. Techcrane Intern., LLC*, 2014 WL 4489618, at *2 (E.D. La. Sept. 10, 2014) (applying current version of Section 1446, and rejecting a plaintiff's argument that an earlier-served defendant waived its right to consent to removal by a later-served defendant by participating in state court litigation); *Vermillion Area Chamber of Commerce & Dev. Co. v.*

*Eagle Creek Software Servs., Inc.*, 2016 WL 2851324, at *2-4 (D.S.D. May 13, 2016) (upholding removal by later-served defendant where earlier-served defendant consented to removal after extensively participating in state court litigation, finding that "the interests weigh in favor of upholding the later-served defendants' statutory right to removal" when the plaintiff decides to amend its complaint and assert independent causes of action against new defendants).

In sum, the Court rejects Plaintiff's argument that RegenLab USA's consent to RegenLab SA's notice of removal is a nullity because it waived its right to consent by litigating this case in state court. Accordingly, the Court denies Plaintiff's Motion to Remand on this ground.

### III. MOTION TO CONSOLIDATE

Defendants move to consolidate this action with *Eclipse Aesthetics, LLC v. RegenLab USA, LLC, et al.,* Case No. 3:15-cv-03748-M (N.D. Tex.). Plaintiff opposes consolidation. Federal Rule of Civil Procedure 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost and delay.

Having considered the parties' legal briefs, as well as the pleadings in both actions, the Court determines that common questions of law and fact are present, and that the parties are essentially the same. Moreover, maintaining two separate actions that arise from the same events and present some overlapping legal issues is unduly burdensome and an inefficient use of judicial resources. Accordingly, the Court **grants** Defendants' Motion to Consolidate.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand [Docket Entry #15] is

8

**DENIED**, and Defendants' Motion to Consolidate [Docket Entry #11] is **GRANTED**. It is therefore **ordered** that case number 3:16-cv-01448-M shall be closed and consolidated into lead case 3:15-cv-03748-M, styled *Eclipse Aesthetics, LLC v. RegenLab USA, LLC, et al.*. The parties are directed to use the style and the case number of the lead case in future filings, with the number of the closed case designated as well.

    **SO ORDERED.**

    **September 12, 2016.**

_____
BARBARA M. G. LYNN
CHIEF JUDGE